1

2                                                                    O

3                                                              JS - 6

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11   JEFFREY BRETT GOODIN,              )  Case No.    CR 06-0186-CAS
                                        )              CV 09-5840-CAS
12                   Petitioner,        )
                                        )  ORDER DENYING PETITION FOR
13   vs.                                )  HABEAS CORPUS RELIEF
                                        )
14   UNITED STATES OF AMERICA,          )
                                        )
15                   Respondent.        )
     _____   )

16

17   **I.     INTRODUCTION & BACKGROUND**

18          On June 11, 2007, petitioner Jeffrey Goodin was sentenced to a total of 70

19   months of imprisonment for violations of 18 U.S.C. § 1324 (wire fraud); 18 U.S.C. §

20   1037(a)(3), (b)(1)(A)(4) (knowing and material falsification of email headers); 18

21   U.S.C. § 1029(a)(2) (aiding and abetting use of unauthorized access devices); 18 U.S.C.

22   § 1029(a)(3) (possession of unauthorized access devices); 18 U.S.C. § 1028A(a)(1)

23   (identify theft); 18 U.S.C. § 2320 (use of counterfeit mark); 18 U.S.C. § 1512(d)(1)

24   (witness harassment); and 18 U.S.C. § 3146(a), (b)(1)(A)(iii) (failure to appear).

25          Petitioner violated federal law when he sent Internet Service Provider ("ISP")

26   America Online ("AOL") users unsolicited e-mails that falsely purported to be from the

27   AOL Billing Department and prompted them to update their personal and credit or debit

28   card information.  Petitioner sent these spam e-mails from fraudulently created e-mail

1    accounts from ISP Earthlink.  The spam e-mails contained weblinks to phony AOL

2    webpages, where users would input their personal and financial information.  Petitioner

3    embedded a computer code in the phony AOL webpages directing the information

4    inputted by the AOL users to e-mail accounts controlled by petitioner.

5            Petitioner appealed from the judgment of the conviction to the Ninth Circuit and

6    the sentence was affirmed on December 17, 2008.  Mot. at 3.

7            On August 11, 2009, petitioner filed the instant motion pursuant to 28 U.S.C. §

8    2255 claiming ineffective assistance of counsel.  Id. at 5.  Respondent United States

9    ("government") filed its answer on February 25, 2010.  Petitioner's motion is presently

10   before the Court.

11   **II.     LEGAL STANDARD**

12           A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or

13   sentence to confinement where a prisoner claims "that the sentence was imposed in

14   violation of the Constitution or laws of the United States, or that the court was without

15   jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

16   authorized by law, or is otherwise subject to collateral attack."  Sanders v. United

17   States, 373 U.S. 1, 2 (1963).

18           Ineffective assistance of counsel constitutes a violation of the Sixth Amendment

19   right to counsel, and thus, if established, is grounds for relief under § 2255.  To

20   establish ineffective assistance of counsel, a petitioner must prove by a preponderance

21   of the evidence: (1) the assistance provided by counsel fell below an objective standard

22   of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors,

23   the result of the proceeding would have been different.  Strickland v. Washington, 466

24   U.S. 668, 688, 694 (1984).   A claim of ineffective assistance of counsel fails if either

25   prong of the test is not satisfied and petitioner has the burden of establishing both

26   prongs.  Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir.

27   1995).

28

1
2
3
4
5

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

6
7
8
9
10
11
12

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

13
14
15
16
17
18
19

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

20

**III.  DISCUSSION**

21
22
23
24
25
26

Petitioner claims that his trial counsel provided ineffective assistance by (1) failing to object at trial to a jury instruction defining "commercial e-mail;" (2) failing to object at sentencing on causation grounds to inclusion of the cost of Earthlink's servers in the loss amount; and (3) failing to object at sentencing on causation grounds to inclusion of the cost of Earthlink's servers in the restitution amount. Mot. at 5. Each of these claims are taken in turn.

27
28

3

1               **1.**       **Petitioner's First Claim for Ineffective Assistance of Counsel**

2          First, petitioner claims his trial counsel failed to object to an improper jury

3 instruction. <u>Id.</u> Petitioner argues that the jury instructions expanded the scope of 18

4 U.S.C. § 1037 ("CAN-SPAM Act") by allowing conviction even when an e-mail is

5 merely "related" to the product or service. <u>Id.</u> He also argues that the Ninth Circuit

6 agreed that the instruction was improper, but did not grant relief because counsel

7 stipulated to the instruction, failed to object on that basis, and did not argue the e-mails

8 was outside the scope of the statute. <u>Id.</u>

9          Before trial, the government proposed a jury instruction that defined "commercial

10 e-mail" as:

11         an e-mail message is "commercial" if the primary purpose of the message was
the commercial advertisement or promotion of a product or service or is

12         related to a product or service (including content on an Internet website
operated for a commercial purpose). Further, an e-mail is commercial if a

13         recipient reasonably interpreting the subject line or body of the e-mail would
likely conclude that the message is a commercial advertisement or promotion

14         of a commercial product or service or is related to a product or service.

15 Answer at 7-8. According to the government, petitioner's counsel did not object to this

16 part of the of the jury instruction. <u>Id.</u> at 8. At the close of trial, the Court instructed the

17 jury concerning the definition of "commercial e-mail" as follows:

18         an e-mail message is "commercial" if the primary purpose of the message
was the commercial advertisement or promotion of a product or service or

19         is related to a product or service including content on an Internet website
operated for a commercial purpose. Further, an e-mail is commercial if a

20         recipient reasonably interpreting the subject line or body of the e-mail
would likely conclude that the message is a commercial advertisement or

21         promotion of a commercial product or service or is related to a product or
service.

22 Answer at 9; Ex. C at 45-46.

23          The government contends that while the Ninth Circuit agreed with

24 petitioner's argument that including the "related to" clause in the jury instructions

25 "impermissibly expanded the scope of the statute," it found that petitioner had

26 not shown plain error. <u>Id.</u> at 16 (citing <u>United States v. Goodin</u>, 2008 WL

27 5265816, at 518 (9th Cir. Dec. 17, 2008). The government argues that the Ninth

28

1    Circuit held that the evidence at trial "was sufficient for the jury to conclude that

2    the e-mails were  'commercial electronic mail message' as that term is [used in

3    the CAN-SPAM Act]."  Id. at 19 (citing Goodin, 2008 WL 5265816, at 518).

4         The government argues that the failure to object by petitioner's counsel did

5    not fall below the standard of professional conduct or prejudice petitioner

6    because, in light of the language and nature of the e-mails at issue, an argument at

7    trial that the e-mails were outside the scope of the statute would not have been

8    persuasive or sound trial strategy.  Id. at 20.  Furthermore, the government argues

9    that petitioner has not shown, and cannot show, that but for the instruction, he

10   would not have been convicted of violating the CAN-SPAM Act.  Id. (citing

11   Townsend v. Knowles, 562 F.3d 1200, 1211 (9th Cir. 2009) (finding no

12   ineffective assistance of counsel for failure to object to a jury instruction where,

13   even if a defense objection would have been sustained, there is no reasonable

14   probability that the result would have been different)).

15        The Court finds that even though the "related to" language in the jury instruction

16   improperly expanded the scope of the statue, there is no reasonable probability that an

17   objection by petitioner's counsel would have undermined confidence in the outcome.

18   See Townsend, 562 F.3d at 1211.

19        **2.      Petitioner's Second Claim for Ineffective Assistance of Counsel**

20        Petitioner's second claim is that he did not receive effective assistance of counsel

21   at sentencing.  He argues that the loss calculation for sentencing was based on

22   submissions by Earthlink and a theory of loss that the Ninth Circuit considered

23   "seriously flawed" because of the lack of causal connection between the cost of the

24   servers and petitioner's conduct.  Id.  Petitioner contends that the Ninth Circuit did not

25   remedy the error because counsel failed to challenge the theory or "otherwise let the

26   district court know there was a real dispute to resolve."  Id.  Furthermore, he claims that

27   had counsel properly objected, the sentence would have been much lower.  Id.

28

5

1          According to the government, the Probation Office prepared a Presentence

2   Report ("PSR") which itemized the loss calculations as follows: five individual victims

3   suffered a loss of $6,205.58 and Earthlink suffered a loss of $1,155,248.59.  Answer at

4   10; PSR ¶ 41.  The Probation Office also assigned a loss of $58,00 for 116 credit card

5   numbers possessed by petitioner, for a total loss of $1,161,454.17.  Id.; PSR ¶ 41 and

6   Cover Sheet.  Petitioner's counsel filed a sentencing position brief on May 25, 2007

7   objecting to Earthlink's reported loss, arguing that Earthlink's "unitemized loss" was a

8   "fiction" and "not the proceeds of a crime."  Id.; Ex. D, at 51-52 (Petitioner's

9   Sentencing Position).

10          The government opposed the defense objection to the loss amount and produced

11   a detailed accounting of the loss suffered by Earthlink attributable to petitioner's

12   "phishing" scheme.  Id.; Ex. E, at 62-63, 73, 75-76, 78-80.  This accounting included a

13   table of Earthlink's calculable damages, a table itemizing Earthlink's total personnel-

14   time cost and computer-time cost attributable to petitioner's e-mails, and an explanation

15   of how Earthlink's cost and loss figures were calculated.  Id. at 10-11.  Additionally, the

16   government provided the trial testimony of Lindsey Wegrzyn, an Earthlink

17   representative, who explained how Earthlink reached this figure.  Id. at 12.

18          Petitioner's counsel vigorously challenged the Earthlink loss figure at the

19   sentencing hearing held on June 11, 2007.  Id. at 13.  Petitioner's counsel argued that

20   "Earthlink ...suffered no loss as a result of Mr. Goodin's actions."  Id.; Ex. G, at 129,

21   132.  Petitioner's counsel further argued that "security for the network is a part of

22   Earthlink's cost of doing business" and that "[t]here was no evidence" that Earthlink

23   incurred additional personnel expenses to respond to petitioner's phishing scheme.  Id.;

24   Ex. G, at 134.  Petitioner's counsel also stressed that Earthlink's claimed loss was

25   unrelated to petitioner's criminal culpability.  Id. at 14; Ex. G, at 135.  Further,

26   petitioner's counsel vigorously argued against the Earthlink loss calculation at

27   sentencing.  Id. at 20-21.  The government points out that this Court considered the

28

1    defense counsel's arguments concerning the amount of loss to be "significant."  Id. at

2    21; Ex. G, at 136.

3          The government contends that the Ninth Circuit refused to vacate petitioner's

4    sentence because petitioner "failed to put the causation issue on the table," and that

5    there was "no plain error requiring reversal."  Id. at 16 (citing Goodin, 2008 WL

6    5265816, at 518).

7          The government further argues that a lawyer's tactical decision to pursue, or not

8    pursue, certain avenues generally does not amount to ineffective assistance.  Id. at 22

9    (citing United States v. Leoni, 326 F.3d 1111, 1120-21 (9th Cir. 2003)).  The

10   government argues that petitioner's counsel vigorously argued against the Earthlink

11   figures in the loss calculation and the mere fact the counsel did not utter the precise

12   words "causal connection" does not mean that his advocacy on petitioner's behalf fell

13   below the constitutional standard.  Id.  Additionally, the government points out that

14   petitioner, in his petition for rehearing, argued that his counsel had "put the causation

15   issue 'on the table'" and had argued that petitioner's "conduct did not cause the loss."

16   Id. at 21-22; Ex. I, at 171-172.  Moreover, the government contends that petitioner can

17   not demonstrate prejudice because the sentence was well below the advisory sentencing

18   guideline range.  Id. at 23.  The government notes that the Court believed the 70-month

19   sentence was necessary due to petitioners intimidation of a witness and petitioner's

20   failure to appear.  Id.  Accordingly, the government argues that petitioner has not, and

21   cannot, show that but for his counsel's failure to say the words "causal connection" with

22   respect to the Earthlink loss figures, his sentence would have been lower.  Id.

23         The Court finds that petitioner has failed to show that counsel's representation fell

24   below an objective standard of reasonableness.  See Strickland, 466 U.S. at 669

25   ("Judicial scrutiny of counsel's performance must be highly deferential, and a fair

26   assessment of attorney performance requires that every effort be made to eliminate the

27   distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

28   conduct, and to evaluate the conduct from counsel's perspective at the time. A court

1    must indulge a strong presumption that counsel's conduct falls within the wide range of

2    reasonable professional assistance.").

3           **3.     Petitioner's Third Claim for Ineffective Assistance of Counsel**

4           Lastly, petitioner claims that he was denied effective assistance of counsel with

5    regards to restitution.  Id.  He argues: "The restitution amount of $1,002,885.58 was

6    based on the same flawed submission of Earthlink.  Again, the Ninth Circuit did not

7    remedy the error only because defense counsel failed to lodge a proper objection in the

8    district court."  Id.

9           The government argues that petitioner's challenge to the restitution amount is not

10   cognizable in a § 2255 motion.  Id. at 23-24 (citing United States v. Thiele, 314 F.3d

11   399, 401-02 (9th Cir. 2002) (restitution order may not be attacked in § 2255 motion,

12   even if coupled with other cognizable claims and even if phrased as an ineffective

13   assistance counsel claim)).  Accordingly, the government argues that petitioner's

14   restitution challenge is outside the scope of § 2255.

15          28 U.S.C. § 2255 provides:

16          A prisoner in custody under sentence of a court established by Act of
            Congress claiming the right to be released upon the ground that the
17          sentence was imposed in violation of the Constitution or laws of the
            United States, or that the court was without jurisdiction to impose such
18          sentence, or that the sentence was in excess of the maximum authorized
            by law, or is otherwise subject to collateral attack, may move the court
19          which imposed the sentence to vacate, set aside or correct the sentence.

20   Accordingly, the Court finds that petitioner's claim for relief from a restitution order

21   cannot be brought in a § 2255 motion.  Thiele, 314 F.3d at 400.

22

23

24

25

26

27

28   **IV.   CONCLUSION**

8

1        In light of the foregoing, the Court hereby DENIES petitioner's motion for habeas

2   corpus relief.

3

4        IT IS SO ORDERED.

5   Dated: March 17, 2010

6                                            HON. CHRISTINA A. SNYDER
                                             UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28